UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEFFREY R. SMITH
PLAINTIFF

V.   NO.

HOY TIN RESTAURANT, INC.
DEFENDANT

INJUNCTIVE RELIEF SOUGHT

## COMPLAINT

07 CA 11387 PBS

The Plaintiff, Jeffrey R. Smith by and through counsel, hereby sues the Defendant, Hoy Tin Restaurant, Inc., for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. s. 12181, et. seq. (hereinafter the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG"), and alleges the following:

### JURISDICTION

1. This Court has jurisdiction over the action pursuant to 28 U.S.C. s.1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. 12181 et. seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. s. 2201 and 2202).

### PARTIES

2. The Plaintiff, Jeffrey R. Smith, is a resident of the Commonwealth of Massachusetts, and is disabled and substantially limited in performing one or more of major life activities, including but not limited to walking, standing, grabbing, grasping, and/or pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the

Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein was denied and/or limited because of these disabilities and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including those set forth in this Complaint.

3. Plaintiff is a member of an advisory board to the Boston Red Sox on the subject of access for persons with disabilities to Fenway Park. He has traveled to Swansea to speak to area high school students on behalf of the Brain Injury Association of Massachusetts.

4. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at Defendant's facility and Defendant's action or inaction herein.

5. Defendant is a Massachusetts corporation organized and existing under the laws of the Commonwealth of Massachusetts.

6. Defendant has a principal place of business at 630 Grand Army Highway, Swansea, Massachusetts.

7. Defendant transacts business in the Commonwealth of Massachusetts. Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which is the subject of this action, commonly referred to as Hoy Tin Restaurant, located at 630 Grand Army Highway, Swansea, Massachusetts (hereinafter the "Facility").

8. Under the ADA, both the landlord who owns a building that houses a place of public accommodation and the tenant who owns or operates a place of public accommodation within the building are public accommodations subject to the requirements of the ADA.

FACTUAL ALLEGATIONS AND CLAIM

9. On, July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter the "ADA"), 42 U.S.C. s. 12101, et. seq.

10. Congress found among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communications, recreation, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs or other opportunities; and,

(iv) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. s. 12101(a)(1)-(3),(5) and(9).

11. Congress explicitly stated that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; provide consistent enforceable standards addressing discrimination against individuals with disabilities, and invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities. 42 U.S.C. s. 12101(b)(1)(2) and (4).

12. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements. The effective date of Title III of the ADA was January 26, 1992 or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. s. 12181, 28 C.F.R. s. 36.508(a).

13. The Facility is a public accommodation and service establishment, as defined by Title III of the ADA, 42 U.S.C. s.12181, and is an entity that affects commerce and that owns public accommodation as defined in 42 U.S.C. s.12181 (7)(E).

14. Pursuant to the mandates of 42 U.S.C. s. 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992(or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. s. 12181, et seq., and 28 F.C.R. s. 36.508(a).

15. The Facility must be, but is not, in compliance with the ADA and ADAAG.

16. On or about of May, 15, 2007, the Plaintiff attempted to access the Facility but could not do so because of his respective disabilities due to physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit his access to the Facility and/or goods, services, facilities, and accommodations offered therein, including those barriers set forth in this Complaint. A plaintiff with a disability need not engage in the "futile gesture" of attempting to gain access to each and every feature of a facility or place of public accommodation where access barriers are known to exist and where the owner or operator does not intend to comply with the ADA. 42 U.S.C. 12188(a)(1).

17. The Plaintiff intends to visit the Facility again as he expects to speak in Swansea in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered at this Facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions, and ADA violations that exist at the Facility that preclude and/or limit his access to the Facility and/or accommodations offered therein including those barriers, conditions, and ADA violations more specifically set forth in
this complaint.

18. Defendant has discriminated against the Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, prohibited by 42 U.S.C. s. 12182, eq.seq., and by failing to remove architectural barriers as required by 42 U.S.C. s. 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers

that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including the Plaintiff.

19. Defendant has discriminated against the Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of physical barriers, dangerous conditions, and ADA violations which preclude the Plaintiff to access the Facility and/or full and equal enjoyment of the goods, services, privileges, and advantages, and/or accommodations of the Facility include:

a. There is not an accessible route connecting all public areas, elements, and spaces at the Facility. ADAAG 4.3

b. There is no accessible route connecting the building entrance to the street, sidewalk, and/or public transportation stop. ADAAG 4.3.2

c. Doors at the Facility are inaccessible. ADAAG 4.13 and 4.14.

d. Doors at the Facility have inaccessible door hardware. ADAAG 4.13.9

e. There are counters that are too high and inaccessible. ADAAG 7.2

f. There are restrooms at the Facility that are inaccessible due to among other things, the doors are inaccessible, the entrance is inaccessible, there is insufficient clear floor space, turning space for wheelchairs, the lavatory is inaccessible, the water closets are inaccessible and the dispensers are inaccessible. ADAAG 4.22

g. There is no means of emergency egress of area of rescue assistance. ADAAG 4.3.11.

h. There is seating that does not comply with 4.32 of the ADAAG.

20. The above listing is not considered all inclusive of all barriers, dangerous conditions, or ADA violations encountered by the Plaintiff which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts

violating the ADA.

21. The Plaintiff attempted to gain access to the Facility, but because of his disability has been denied the benefits of services, programs and activities of the Facility and has otherwise been discriminated against and damaged by the Defendant, because of the physical barriers, dangerous conditions, and ADA violations set forth above, and expects to be discriminated against in the future by Defendant because of Plaintiff's disability, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

22. The removal of physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. s. 12182(b)(2)(A)(iv); 42 U.S.C. s. 12181(9); 28 C.F.R. s. 36.304.

23. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

24. Plaintiff has been obligated to retain counsel for the filing of this action, and has agreed to pay the undersigned counsel attorney's fees, costs, expenses from Defendant pursuant to 42 U.S.C. s. 12205 and 12117.

25. Pusuant to 42 U.S.C. s. 12188(a), this Court is provided authority to grant injunctive relief to the Plaintiff, including an order to alter the Facility to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA, and closing the Facility until the requisite modifications are completed.

WHEREFORE, Plaintiff requests that the Court issue a permanent injunction enjoining Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and usable by individuals with disabilities including the Plaintiff to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding the Plaintiff his reasonable attorney's fees, expert fees, costs and expenses incurred in this action.

Respectfully submitted,

Edward N. Garno
592 Essex Street
Lawrence, MA 01840
978-687-7805
BBO #564378